**In re Suzanne SUMMERVILLE, Debtor.**

**Maria Pilar Alonso, Appellant,**

**v.**

**Suzanne Summerville; Elizabeth F. Rojas, Chapter 13 Trustee, Appellees.**

**BAP No. CC–06–1109–BKMo.**
**Bankruptcy No. SV–02–20061–KT.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Nov. 15, 2006 at Orange, California.

Filed Feb. 7, 2007.

Robert J. Frank, Esq., Encino, CA, for Appellant.

Kevin T. Simon, Esq., Elizabeth F. Rojas, Sherman Oaks, CA, for Appellees.

Before BRANDT, KLEIN and MONTALI, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

This appeal from an amended stay relief order presents the question of the effect of a confirmed Chapter 13 [1] plan on a claim to be paid outside of the plan. Applying preclusion analysis, we conclude that the chapter 13 plan and confirmation order did not bar the debtor from contesting an obligation based on a debt being paid outside the plan, and AFFIRM.

## I. FACTS

Debtor Suzanne Summerville filed a chapter 13 petition in 2002, scheduling a secured debt of $50,000 she had borrowed from Maria Alonso to purchase her home in Van Nuys, California (the "Property"). The loan was documented by a note, secured by a deed of trust on the Property, which allowed Alonso to elect to have the debt satisfied by splitting the Property, upon which election Summerville was required to quitclaim to Alonso the rear 10,000 square feet of the Property. Alonso filed a $52,000 proof of claim, attaching the note and deed of trust.

Early in 2003 the bankruptcy court confirmed Summerville's Second Amended Chapter 13 Plan (the "Plan"), which provided for payment of $2,000 of arrearage to Alonso by the trustee through the Plan, and for Summerville to make the ongoing monthly payments directly to Alonso. The Plan provided that property of the estate would not revest in debtor until discharge or dismissal. In case of default, the Plan expressly allowed Alonso to seek relief from the automatic stay under § 362. The record provided to us does not suggest that Alonso or anyone else objected to plan confirmation, or that there was ever an objection to Alonso's claim.

In 2005, Alonso moved for relief from stay, alleging Summerville was delinquent on her payments on the note. She also gave notice of her election to split the lot. Summerville opposed stay relief, disputing the amount of the post-petition delinquen-

---

1. Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 119–8, 119 Stat. 23, as the case from which the adversary proceeding and these appeals arise was filed before 17 October 2005. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "FRCP" references are to the Federal Rules of Civil Procedure.

cy. After a contested hearing, the court granted the motion and entered an order providing in part:

> Movant and Debtor are both granted Relief from the Automatic Stay and have agreed that any and all further action(s), claim(s), remedies, etc., shall be sought and governed by the laws and courts of the State of California and that the United States Bankruptcy Courts and laws thereunder shall have no further jurisdiction and/or application over this request for relief from stay.

Order Granting Relief from Automatic Stay, 1 March 2005 ("RFS Order").

In 2006, Summerville filed a state court action to prevent Alonso from proceeding with the lot split. Superior Court of California, County of Los Angeles, No. LC073318. Although the pleadings are not in the excerpts of record, counsel advise that Summerville's claims and defenses relate to the amount of the loan, usury, and whether Alonso's election to split the lot was proper.

The state court ruled:

> I don't believe that the state court has jurisdiction to effectively relitigate an issue that either was before the bankruptcy court or should have been before the bankruptcy court. That's a serious issue ... if the bankruptcy court dealt with the issue, approved the plan in the bankruptcy court, I don't see how you are going to amend around that because you are asking to relitigate that very issue, and I think the bankruptcy court order is controlling.

Transcript, 15 February 2006 at 119.

> I think your remedy is in the bankruptcy court and you ought to proceed there with all haste because you've got legitimate issues; but on the other hand, I don't see how you folks are going to be able to confer jurisdiction in a state court to override[,] change or relitigate issues that have been subject to a final determination of a federal bankruptcy court. That was your forum. That's where your issue was. That's where your order came from. And frankly, that's where you go and get whatever question you have resolved.

*Id.* at 126. Although stated in jurisdictional terms, the state court's ruling sounds more in the nonjurisdictional realm of claim or issue preclusion.

Summerville promptly returned to the bankruptcy court and filed a motion with hearing on shortened time seeking, inter alia, clarification of the RFS Order. She requested "additional language to state that no issues regarding the validity of the note and deed of trust were litigated or determined in the bankruptcy court."

On the day of the hearing on shortened time, Alonso filed an opposition and Summerville filed a supplemental brief, neither of which are in the excerpts of record provided to us. At the hearing, Alonso's counsel asserted that he had not received notice of the motion until the morning of the hearing. Transcript, 24 February 2006 at 134.

The bankruptcy court entertained argument on the motion and ruled that the Plan "set out the debtor's proposal for treating or managing Alonso's secured claim during the term of the plan," but that the court had not adjudicated the parties' contractual and property rights respecting the note and trust deed in confirming the Plan. The court entered a memorandum decision and an amended order, determining that "[n]o other adjudication of their respective rights under the terms of the note or the trust deed or California law was set out in the Plan or effectuated by confirmation of the Plan." Memorandum and Order Granting Debtor's Ex Parte Motion to Clarify ("Amend-

ed RFS Order") at 3. It held that the RFS Order "effectively terminated the treatment of Alonso's claim in the Plan . . . [so] the parties were returned to the jurisdiction of the state court for the resolution of their disputes, if any, over Alonso's claim against the Debtor." *Id.* at 4. The court amended the RFS Order, providing:

> Movant and Debtor are both granted relief from stay to adjudicate the merits of Movant's claims against the Debtor and property of the bankruptcy estate located [in] Van Nuys, California, including but not limited to Debtor's claims and defenses to the enforceability of Alonso's note and trust deed under applicable state law.

Amended RFS Order at 4. Alonso appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction to issue the RFS Order via 28 U.S.C. §§ 1334(b) and 157(b)(1) and (2)(A) and (G). We have jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) and (c), and address below the bankruptcy court's jurisdiction to enter the Amended RFS Order.

## III. ISSUES

1. Whether the bankruptcy court had jurisdiction to clarify its RFS Order;

2. Whether § 1327(a) or preclusion doctrines bar Summerville from raising state law defenses and claims regarding the promissory note and deed of trust;

3. Whether the bankruptcy court erred by failing to consider application of FRCP 60(b) and the doctrine of laches; and

4. Whether Alonso's procedural due process rights were violated.

## IV. STANDARDS OF REVIEW

■ A. Bankruptcy jurisdiction is an issue of law which we review de novo. *In re Marino,* 234 B.R. 767, 769 (9th Cir. BAP 1999).

■ B. We review a bankruptcy court's ruling on a motion for relief from judgment (FRCP 60(b)) for abuse of discretion. *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). We must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached to reverse for abuse of discretion. *S.E.C. v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001); *In re Black,* 222 B.R. 896, 899 (9th Cir. BAP 1998).

■ C. We review the preclusive effect of a chapter 13 plan and interpretation of the Code and Rules de novo. *In re Brawders,* 325 B.R. 405, 410 (9th Cir. BAP 2005).

■ D. We review the determination of whether issue or claim preclusion applies "de novo as mixed questions of law and fact in which legal questions predominate." *In re George,* 318 B.R. 729, 732–33 (9th Cir. BAP 2004), *aff'd,* 144 Fed.Appx. 636 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1068, 163 L.Ed.2d 861 (2006).

■ E. Whether a particular procedure comports with basic requirements of due process is a question of law which we review de novo. *In re Garner,* 246 B.R. 617, 619 (9th Cir. BAP 2000).

## V. DISCUSSION

### A. *Jurisdiction to Enter the Amended RFS Order*

■ Alonso argues the bankruptcy court lacked jurisdiction to clarify its RFS Order because that order purported to relinquish jurisdiction to state court by way of a recitation to the effect that the parties had agreed to resolution of the underlying dispute in state court and that the bankruptcy court would not have jurisdiction.

■ It is fundamental that jurisdiction is governed by statute, in this case 28 U.S.C. § 1334, and not by agreement of the parties. Debtor's legal and equitable interests in the Property remained property of the estate under § 541 and § 1306. Although confirmation may revest property of the estate in the debtor, *compare* § 1306(b) *with* § 1327(b), Debtor's Plan provided that revesting would not occur until discharge or dismissal. The case had not been dismissed, there had been no abandonment under § 554, and as the Plan had not been completed, Summerville had not received her discharge. The Property remained property of the estate.

■ The Property remained in the jurisdiction of the bankruptcy court as property of the estate. 28 U.S.C. § 1334(e). When a bankruptcy court grants relief from the automatic stay to permit a non-bankruptcy court to resolve a dispute affecting property of the estate, the fact of stay relief does not operate to relinquish jurisdiction under 28 U.S.C. § 1334. *See In re Orfa Corp. of America,* 170 B.R. 257, 268–69 (E.D.Pa.1994); *In re Cordry,* 149 B.R. 970, 973–74 (D.Kan.1993).

■ Moreover, even if the bankruptcy court could relinquish jurisdiction over the Property and over questions regarding the note and its security, it does not follow

that it could not clarify its own order. No explicit provision is needed for the bankruptcy court to do so:

> [The] Ninth Circuit [has] held … [a] bankruptcy court retained jurisdiction to "interpret" its orders entered prior to dismissal and "to dispose of ancillary matters … rendered in connection with the underlying action" but not to grant "new relief independent of its prior rulings."

*In re Aheong,* 276 B.R. 233, 239–40 & n. 8 (9th Cir. BAP 2002) (quoting *In re Taylor,* 884 F.2d 478, 481 (9th Cir.1989)). *See also In re La Sierra Fin. Servs., Inc.,* 290 B.R. 718, 731–32 & n. 9 (9th Cir. BAP 2002) (FRCP 60(b), applicable via Rule 9024, preserves court's inherent power to set aside a judgment in equity).

It follows that the bankruptcy court had jurisdiction to clarify its RFS order.

### B. *Plan Confirmation and Preclusion*

Alonso argues, citing *Brawders,* 325 B.R. at 410, and *In re Shook,* 278 B.R. 815, 827 (9th Cir. BAP 2002), that since a chapter 13 plan confirmation order is binding by virtue of § 1327(a), the order bars Summerville from raising new defenses and claims to the note.

■ There are two difficulties with this argument. First, the binding effect of § 1327(a) depends on the terms of the plan confirmed. Second, the principles of res judicata are scalpels, not broadswords. They require careful and situation-specific analysis, and are not susceptible to simplistic application.

#### 1. *§ 1327*

Section 1327 provides (and did when the Plan was confirmed):

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such credi-

tor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

*See* 3 Keith M. Lundin, *Chapter 13 Bankruptcy,* § 229.1 at 229–1 et seq. (3d ed.2000).

■■■■ Under this provision, a creditor who fails to object timely to a plan or to appeal a confirmation order may be precluded from later challenging plan provisions, even if those provisions are inconsistent with the Bankruptcy Code. *In re Enewally,* 368 F.3d 1165, 1172 (9th Cir. 2004) (citing *In re Pardee,* 193 F.3d 1083, 1086 (9th Cir.1999)). However, this rule is subject to the limitation that "[a] confirmed plan has no preclusive effect on issues that must be brought by an adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor." *Id.* at 1173. This is because, where a plan fails to state its intended effect on a given issue, any ambiguity may reflect that that issue was not considered by the bankruptcy court, and/or that the parties did not contemplate that the plan would resolve the issue. *Brawders,* 325 B.R. at 411 (9th Cir. BAP 2005). Additionally, it may offend due process to confer preclusive effect on matters not explicitly determined in a confirmed plan. *Id.*

■■■■ The terms of the Plan confirmed in this case do not support Alonso's argument. The applicable provisions identify Alonso as a class 2 creditor, to be paid outside the Plan except for payment of a modest and apparently agreed arrearage within it, and allow for relief from stay in case of default. No further specifics are included, and nowhere are parties' respective state law rights mentioned.

With the exception of the prepetition arrearage to be paid through the Plan, neither the amount of the debt nor any other aspects of the obligation or the relationship between the parties were at issue in any way. The Plan neither identifies a dollar amount for the entire obligation, nor provides a valuation procedure, nor deals with the amount, validity, or enforceability of the note or deed of trust. Respecting those issues, the Plan says nothing which could be given binding effect.

### 2. *Preclusion*

■■■■ In addition to the statutory binding effect of a chapter 13 plan, the confirmation order may have a res judicata, or preclusive, effect. The res judicata doctrines regarding judgments of federal courts are a matter of federal common law. As we have noted:

[t]he Supreme Court treats the *Restatement (Second) of Judgments ("Restatement")* as an authoritative statement of federal res judicata doctrines and has applied the *Restatement's* substitution of the terms "claim preclusion" and "issue preclusion" for "res judicata" and "collateral estoppel." *E.g., New Hampshire v. Maine,* 532 U.S. 742, 748[, 121 S.Ct. 1808, 149 L.Ed.2d 968] (2001) ("res judicata doctrines commonly termed claim and issue preclusion").

*George,* 318 B.R. at 733 (additional citations omitted). Preclusion is an affirmative matter, and the proponent of preclusion has the burden of proof and bears the risk of non-persuasion. *George,* 318 B.R.

at 737; and *In re Repp*, 307 B.R. 144, 148 n. 3 (9th Cir. BAP 2004).

### a. Claim Preclusion

■ Claim preclusion operates to bar a legal theory that has never been, but could and should have been, litigated by the parties in a prior proceeding:

> Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Robi v. Five Platters, Inc.*, 838 F.2d 318, 321–22 (9th Cir.1988) (quotations, citations, and footnote omitted).

■ For these purposes, a "claim" is a party's right to pursue remedies "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Restatement (Second) of Judgments* § 24(1) (1982) ("Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting' ") (*"Restatement"*). When there has been a final judgment on a part of a "claim," the right to obtain remedies respecting that claim is extinguished. *George*, 318 B.R. at 735–37; Christopher Klein et al., *Principles of Preclusion and Estoppel in Bankruptcy Cases*, 79 Am. Bankr.L.J. 839, 852–58 (2005).

■ The transactional test for determining what forms the same "claim" for purposes of preclusion is applied pragmati-cally, based on myriad factors, and focuses on a specific transaction or series of transactions. *George*, 318 B.R. at 735–36; *Restatement* § 24(2).[2]

■ Although an order confirming a chapter 13 plan is a final order with potentially preclusive effect, *Pardee*, 193 F.3d at 1087, the extent of that effect is determined in each instance by applying the transactional test to the terms of the specific plan and the manner in which the confirmation was accomplished. *George*, 318 B.R. at 735.

■ Here, nothing in the Plan implicated the Alonso note or deed of trust except the amount of the delinquency. The factual issues raised in the state court litigation regarding the original amount of the note, usury, and division of the Property are not related in time, space, or origin to the factual issues attendant to an uncontested confirmation of a chapter 13 plan, as set out in § 1325(a): compliance with the Code, the debtor's good faith, and the best interest of creditors test of § 1325(a)(4). *Restatement* § 24(2). Nor do they form the "convenient trial unit" that the transactional test also requires.

To be sure, these considerations might yield a different result had it been necessary to determine the issues of amount, validity, and enforceability of the obligation in order to resolve the confirmation issues, as when the debt is to be paid through the plan and feasibility is at issue. Even then, caution is in order, because the Rules contemplate that contests regarding the validity and amount of claims be resolved by way of two-party claim objection

---

**2.** The language of the *Restatement* is:

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Restatement* § 24(2).

proceedings. Thus, we have held that it is ordinarily error to resolve two-party claim objection disputes in a collective plan confirmation proceeding. *In re Garvida,* 347 B.R. 697, 703–04 (9th Cir. BAP 2006); Rule 3007.

At confirmation, the parties did not litigate, nor did the court address, defenses to the note and deed of trust or Summerville's possible claims against Alonso, nor was it necessary to do so, when the Plan only addressed the (undisputed, insofar as the record before us discloses) arrearage on her obligation to Alonso. Applying the transactional test, the Alonso debt which was being paid outside the Plan was not part of the same transaction as the confirmation. Hence, no claim preclusion.

 Alternatively, if the Alonso debt were regarded as part of the same transaction, the exceptions set forth at *Restatement* § 26 ("Exceptions to the General Rule Concerning Splitting") would come into play. *George,* 318 B.R. at 736. That section provides, in pertinent part:

> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> . . . .
>
> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or
>
> . . . .
>
> (d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim[.]

*Restatement* § 26.

The court in the first action has the power to preserve a plaintiff's right to maintain a second action by being clear about the point. *Restatement* § 26(1)(b). That, in effect, is what the court did in the Amended RFS Order on appeal.

Moreover, it is the sense of the Rules that one is permitted to split a claim by segregating two-party disputes, such as claim objections, from collective matters involving the entire creditor body, such as plan confirmation matters. Such a structure implicates *Restatement* § 26(1)(d), and that was the gravamen of our recent decision in *Garvida,* 347 B.R. at 703–04.

In short, even if the Alonso debt could be construed as part of the same transaction as plan confirmation for purposes of *Restatement* § 24, claim preclusion would nevertheless not ensue in light of the *Restatement* § 26 exceptions.

It follows that Alonso has not carried her affirmative burden to establish claim preclusion.

### b. Issue Preclusion

 The issue preclusion analysis is more straightforward here. While claim preclusion bars litigation of issues that have never been litigated, as the Ninth Circuit has explained, issue preclusion:

> prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. . . . The issue must have been "actually decided" after a "full and fair opportunity" for litigation.

*Robi,* 838 F.2d at 322 (citations omitted).

 After an issue is determined by a court, "that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Robi,* 838 F.2d at 326, quoting *Shapley v. Nevada Bd. of State Prison Commissioners,* 766 F.2d 404, 408 (9th Cir.1985). We have recently held:

Six basic elements must be satisfied before issue preclusion will be applied. Five of the elements are described as "threshold" requirements: (1) identical issue; (2) actually litigated in the former proceeding; (3) necessarily decided in the former proceeding; (4) former decision final and on the merits; and (5) party against whom preclusion sought either the same, or in privity with, party in former proceeding.

The sixth element is a mandatory "additional" inquiry into whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy.

*In re Khaligh,* 338 B.R. 817, 824–25 (9th Cir. BAP 2006) (citation and footnote omitted).

■ Only the fifth element is satisfied here. Alonso does not even contend that the issues raised in state court were actually litigated in bankruptcy court, or that there was any adjudication of Alonso's claim, or a final decision on the merits. She has not shown that issue preclusion applies in this instance.

C. *Other Issues*

Alonso also argues on appeal that Summerville's claims and defenses should be barred by laches or delay, and that she was denied due process. But as the Amended RFS Order had no substantive impact, any errors would be harmless, and the laches and delay arguments will presumably be available to Alonso in state court.

### VI. CONCLUSION

The bankruptcy court had jurisdiction to clarify its RFS Order, and as it had made no determinations in confirming the Plan regarding Summerville's obligation to Alonso which merit preclusive effect (except respecting the arrearage not at issue in this appeal), the clarification sought by debtor was innocuous. The court merely explicated the confirmation order in a manner consistent with settled law; there was no abuse of discretion.

Of course, the lack of preclusion does not bar the use of Summerville's petition, schedules, and judicial admissions (if any) in the state court litigation.

We AFFIRM.