**In re EQUITY LAND TITLE AGENCY, INC., Debtor.**

**John Paul Rieser, Chapter 7 Trustee, Plaintiff**

v.

**Samuel L. Moorman, Norma J. Moorman, Defendants.**

**Bankruptcy No. 02–34260.
Adversary No. 06–3207.**

United States Bankruptcy Court, S.D. Ohio, Western Division, at Dayton.

June 12, 2007.

John Paul Rieser, Esq., Patricia J. Friesinger, Esq., Dayton, OH, for the Plaintiff, Chapter 7 Trustee.

Samuel L. Moorman, Dayton, OH, pro se.

Norma J. Moorman, Dayton, OH, pro se.

Paige Leigh Ellerman, Esq., Thomas R. Schuck, Esq., Cincinnati, OH, Matthew J. Wiles, Esq., Dayton, OH, for the Defendant.

## DECISION ON ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THOMAS F. WALDRON, Bankruptcy Judge.

### Introduction

Bankruptcy law authorizes a chapter 7 trustee to avoid a transfer made by a

debtor and, thereafter, separately, authorizes a trustee to recover the transferred property, or the value of the transferred property, from the initial transferee or other related transferees. A trustee's recovery from any such transferee is dependent upon a trustee having obtained a valid determination that a transfer has been avoided. See generally *Suhar v. Burns (In re Burns)*, 322 F.3d 421 (6th Cir.2003). As a result of the particular factual circumstances in this case and the restriction entered in an earlier adversary proceeding, the chapter 7 Trustee, John Paul Rieser (the "Trustee"), lacks a valid determination that a transfer has been avoided and, as a result, is unable to obtain any recovery in this adversary proceeding.

### Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

### Issue Presented

In the circumstances of this adversary proceeding, may the Trustee prosecute a § 550 cause of action against the alleged transferees, the Defendants, based upon this court's decision in a previous adversary proceeding (Adv. No. 04–3148), in which the Defendants were neither a party, nor in privity with any party, and in which this court granted the Trustee a default judgment avoiding certain transfers, but limited the effect of the default judgment by specifically providing—"although the determinations in this decision are binding upon the Defendants Steven Clayton and Joanne Clayton, the Court does not intend to give preclusive effect, including law of the case, to the determinations in this adversary proceeding in connection with other pending adversaries in which other defendants are actively participating in pending pretrial discovery proceedings." (Doc. 49, p. 4 -Adv. No. 04–3148).

### Issue Decided

In the circumstances of this adversary proceeding, the Trustee may not prosecute a § 550 cause of action against the alleged transferees, the Defendants, based upon this court's decision in a previous adversary proceeding (Adv. No. 04–3148), in which the Defendants were neither a party, nor in privity with any party, and in which this court granted the Trustee a default judgment avoiding certain transfers, but limited the effect of the default judgment by specifically providing—"although the determinations in this decision are binding upon the Defendants Steven Clayton and Joanne Clayton, the Court does not intend to give preclusive effect, including law of the case, to the determinations in this adversary proceeding in connection with other pending adversaries in which other defendants are actively participating in pending pretrial discovery proceedings." (Doc. 49, p. 4—Adv. No. 04–3148).

### Procedural Background

The Trustee filed a complaint in this pending adversary proceeding against the alleged transferees, Samuel L. and Norma J. Moorman, the Defendants, seeking to find them liable, pursuant to 11 U.S.C. § 550, based on a default judgment, entered in a prior adversary proceeding [*John Paul Rieser, Chapter 7 Trustee v. Steven L. Clayton and Joanne Clayton—* Adv. No. 04–3148] avoiding various initial transfers from the Debtor, Equity Land Title Agency, Inc., to Steven and Joanne Clayton, the only Defendants in that adversary proceeding (Doc. 1). The complaint states correctly that this court entered judgment against Steven Clayton for $4,157,856.35 and against Joanne Clayton for $3,379,444.77 in this prior adversary

proceeding, Adversary No. 04–3148 (the "Clayton decision"; See Doc. 1, ¶¶ 5, 6 and 7). The Trustee seeks to use the judgment from the Clayton decision, involving the fraudulent conveyance and preference provisions of the Bankruptcy Code (11 U.S.C. §§ 547 and 548) and the Ohio Revised Code (by the provisions of 11 U.S.C. § 544), to recover some of these funds from the Defendants as mediate or immediate transferees under 11 U.S.C. § 550.

The Trustee's § 550 cause of action in the pending adversary proceeding is dependent on the use of the Clayton decision to establish the predicate avoidable transfers. It is, however, significant to note for the pending adversary proceeding that the judgment in the Clayton decision avoiding the initial transfers from the Debtor to the Claytons was not only a default judgment, but, as a result of Fifth Amendment concerns complicating the evidentiary issues, contained specific language restricting the court's determinations in that adversary proceeding solely to the parties in that adversary proceeding.

After agreements for extensions of time, the Defendants filed an answer generally denying the substance of the allegations and asserting various affirmative defenses (Doc. 11). The court, with the agreement of counsel, entered an *Order Fixing Dates For Filing Memoranda on Legal Issues and Ordering Other Matters*—Doc. 63, which established the filing schedule for dispositive motions. Thereafter, the Defendants filed a motion to dismiss this adversary proceeding or, in the alternative, for summary judgment (Doc 67), the Trustee filed a response and memorandum contra (Doc. 68) and the Defendants filed a reply brief (Doc. 70), containing a request for oral argument. The court determines

it will not be aided by oral argument in this adversary proceeding.

### Analysis

### Motion to Dismiss for Failure to State a Claim

■ Federal Rule of Civil Procedure 12(b)(6), applicable to adversary proceedings by Bankruptcy Rule 7012, states that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The Sixth Circuit has stated that "[d]ismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir.2007) (citation omitted).[1]

### The Clayton Decision

In June 2004, the Trustee commenced an adversary proceeding (Adv. No. 04–3148) against Steven L. Clayton and Joanne Clayton. Steven Clayton was the president, director and shareholder of Equity Land Title. Joanne Clayton was Steven Clayton's wife and an employee of Equity Land Title. The Trustee's complaint sought to avoid various transfers to the Claytons. The Clayton adversary proceeding presented complicated issues involving the Fifth Amendment in connection with bankruptcy litigation; nevertheless, in the Clayton decision, after the resolution of certain preliminary issues, the Trustee was granted partial summary judgment, by default, against the Claytons for multiple transfers from Equity Land Title based on theories of fraud, conversion and breach of fiduciary duty. The court's determinations were based on ad-

---

1. The Defendants correctly note that the court's review of the Clayton decision is a matter of judicial notice of the court's records and may be reviewed on a motion to dismiss. *Papasan v. Allain*, 478 U.S. 265, 268, 106 S.Ct. 2932, fn. 1, 92 L.Ed.2d 209 (1986).

missions to which the Claytons did not respond during discovery (Doc. 49—Adv.04–3148). See generally Federal Rule of Civil Procedure 36, applicable by Bankruptcy Rule 7036 (matters in admissions not timely answered or objected to are admitted and conclusively established).

During that adversary proceeding, the Claytons suggested in hearings, and subsequently contended in an affidavit, that they had evidence contrary to some allegations of the Trustee (Doc. 39). The court struck the affidavit (Doc. 46 and 47—Adv. No. 04–3148), based, not on the merit content of the affidavit, but, instead, on the procedural posture of a party challenging summary judgment after asserting Fifth Amendment protection, spousal privilege and failing to comply with proper discovery requests throughout the litigation. *Rieser v. Clayton (In re Equity Land Title, Inc.)*, 326 B.R. 427 (Bankr.S.D.Ohio 2005).

The Clayton decision does not reflect a typical default judgment, since the Claytons appeared before the court and completed certain filings in the adversary proceeding; however, as a result of pending criminal investigations, they invoked their Fifth Amendment protection and chose to remain silent during their adversary proceeding. The court, nevertheless, had been given some notice that the causes of action of the Trustee, put to their proof, might not have succeeded, or, at a minimum, could have been contested at an evidentiary hearing. This court did not speculate concerning what outcome would have resulted if the Claytons had fully participated in their adversary proceeding; however, in entering the default judgment, this court concluded that all determinations in the Clayton adversary proceeding, including the avoidance causes of action asserted by the Trustee, should, in the specific factual circumstances of that adversary proceeding be restricted solely to the Trustee and the Claytons.

This was an unusual result in a proceeding, since, absent restrictive language, a court's decision is available for all appropriate purposes. To alert, not merely the Trustee, but all interested parties, that the determinations in the Clayton adversary proceeding would be limited to the Trustee and the Claytons, the court stated in the Clayton decision that "although the determinations in this decision are binding upon the Defendants Steven Clayton and Joanne Clayton, the Court does not intend to give preclusive effect, including law of the case, to the determinations in this adversary proceeding in connection with other pending adversaries in which other defendants are actively participating in pending pretrial discovery proceedings." (Doc. 49, p. 4—Adv. No. 04–3148).

In the current adversary proceeding, counsel have focused their arguments on the phrase "in connection with other pending adversaries in which other defendants are actively participating in pending pretrial discovery proceedings." (Doc. 49, p. 4—Adv. No. 04–3148—in the Clayton decision). Specifically, the Trustee has asserted that, since this current adversary proceeding was not pending at the time of the Clayton decision, the Trustee can use the transfers avoided in the Clayton Decision as the basis for the relief sought in this current adversary proceeding.

It is correct that the current adversary proceeding against the Defendants was not pending at the time of the Clayton decision. The current adversary proceeding was filed on June 22, 2006, as a § 550 cause of action, under a separate statute of limitations which allows the Trustee to pursue an "immediate or mediate transferee" based on an avoidable transfer against an initial transferee, within a year of the

judgment against that initial transferee. 11 U.S.C. § 550(f). Although the Trustee's statements are correct, they are not complete. Some additional procedural information is helpful in addressing this issue.

Although the Trustee is obviously free to proceed as he chooses, the Trustee could have joined the current Defendants as additional parties in the Clayton adversary proceeding or filed an avoidance action directly against the current Defendants. See Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy, Vol. 5, ¶ 550.02 at n. 1 (15th ed. rev.2007) ("In most cases, actions to avoid transfers under a particular avoiding power will be brought in tandem with an action to recover the property transferred or its value under section 550."). The Trustee, however, took no such action, although he did file eight adversary proceedings prior to July 1, 2004, all of which were avoidance actions. These eight adversary proceedings were timely filed within the applicable statute of limitations for such avoidance actions. See 11 U.S.C. § 546(a)(1) (avoidance actions shall be filed by the later of (1) two years from the order for relief or (2) one year from the appointment of the first trustee, if such appointment occurs within two years of the order of relief).[2]

The court was aware at the time of the Clayton decision on June 24, 2005 that the Trustee's time to bring avoidance actions had expired. Since the universe of avoidance actions was then complete and further avoidance actions would be time barred, to further emphasize the restrictive nature of the determinations entered in the Clayton decision, the court attempted to highlight that the determinations in the Clayton decision would not be available "in connection with other pending adversaries in which other defendants are actively participating in pending pretrial discovery proceedings."

Since this restrictive language prevented the Trustee from using the decision in the Clayton adversary proceeding to prove any of the individual elements necessary to establish an avoidable transfer in the then pending adversary proceedings in which the Trustee was attempting to establish other avoidable transfers, it follows, of course, that the Trustee is prevented from using the Clayton decision to establish the ultimate conclusion that an avoidable transfer had occurred in the Clayton adversary proceeding in any subsequent litigation the Trustee might institute, including this current adversary proceeding.

▮ The record establishes that the Trustee did not appeal, seek reconsideration of, or otherwise attempted to clarify any portion of the Clayton decision, specifically including the portion presently being considered. Although this court attempts to write clearly, not cryptically, and acknowledges its own limitations and the limitations contained in its linguistic choices, the court also notes it is axiomatic that a court which issues a decision and order is in the best position to interpret its decision and order. "A bankruptcy court maintains jurisdiction to interpret its orders." *In re Consol. Medical Transport, Inc.*, 300 B.R. 435, 443–44 (Bankr.N.D.Ill. 2003), *quoting, Oakfabco, Inc. v. Am. Std., Inc. (In re Kewanee Boiler Corp.)*, 297 B.R. 720, 728 (Bankr.N.D.Ill.2003); *Alonso v. Summerville (In re Summerville)*, 361 B.R. 133, 140 (9th Cir. BAP 2007) ("No explicit provision is needed for the bankruptcy court to do so: [The] Ninth Circuit

---

**2.** An involuntary petition was filed on June 4, 2002 (Est.Doc. 1). The order for relief was entered on July 1, 2002 (Est.Doc. 11) and the Trustee was appointed on or about August 16, 2002 (Est.Doc. 23).

[has] held ... [a] bankruptcy court retained jurisdiction to interpret its orders entered prior to dismissal and to dispose of ancillary matters ... rendered in connection with the underlying action but not to grant new relief independent of its prior rulings."; internal citations and quotations omitted); *In re Sherrill,* 78 B.R. 804, 806 (Bankr.W.D.Tex.1987) ("On the other hand, it is the province of this Court, not the Trustee, to interpret its orders, including the Sale Order upon which the Trustee apparently relied in presuming to pay the brokerage commission without seeking further guidance from this Court. To the extent that the Trustee might have 'jumped the gun,' he did so at his peril."). Accord *Brown v. Neeb,* 644 F.2d 551, 558, fn. 12 (6th Cir.1981) ("Few persons are in a better position to understand the meaning of a consent decree than the district judge who oversaw and approved it.").

This court holds that all determinations by this court in the Clayton decision were restricted, and remain restricted, to only the Trustee and Steven and Joanne Clayton in Adversary No. 04–3148 and this Court does not intend to give preclusive effect, including law of the case, to any of those determinations, specifically including the avoided transfers, in any other proceeding, including this current adversary proceeding.

### Further Arguments of the Parties

In addition to arguing that the Trustee is prohibited by the restricted language in the Clayton Decision from using the Clayton decision to establish the predicate avoidable transfers, the Defendants have argued that the Trustee's attempt to use the Clayton Decision to establish the predicate avoidable transfers violates the Defendants' due process rights, is inconsistent with settled principles of issue and claim preclusion and ignores the requirement that the Defendants were indispensable parties in the Clayton adversary proceeding.

In addition to asserting the Clayton decision is available to establish the predicate avoidable transfers, the Trustee argues that the present action is expressly contemplated by the Bankruptcy Code's bifurcation of avoidance and recovery, all the Defendants' rights and defenses remain available within the provisions of § 550 and the Defendants were not indispensable parties in the Clayton adversary proceeding.

As a result of the Court's determination that the Trustee has not established a predicate avoidable transfer, the Court finds it unnecessary to address any of the parties' further arguments.

### Statute of Limitations

■ Having determined that the Trustee has not established a predicate avoidable transfer, the remaining issue is whether the Trustee's complaint is time barred. Section 550(f) states that:

An action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or

(2) the time the case is closed or dismissed.

In the circumstances of this case, the Trustee has no alternative basis to demonstrate a predicate avoidable transfer, since the two year statute of limitations under § 546 to pursue avoidable transfers expired. In *Morris v. Emprise Bank (In re Storage and Moving, Inc.),* 2005 WL 2590385 (Bankr.D.Kan.2005), a trustee sought to use a consent judgment, in a prior preference adversary proceeding, to pursue a § 550 cause of action against a bank. The court noted that the bank was neither a party, nor in privity with the

party, in the prior adversary proceeding. Accordingly, the court concluded that "this consent judgment is not binding on the Bank. At this juncture, it is too late for the Trustee to commence an action under § 547 against the bank, which can assert its own statute of limitations to the preference action." *Id.* at *7. Similarly, in this adversary proceeding, since the Trustee cannot use the Clayton Decision to establish the predicate avoidance transfer and the two year statute of limitations, under § 546, to avoid a transfer expired prior to the filing of the present adversary proceeding, the Trustee cannot establish a predicate avoidable transfer and cannot prosecute a § 550 cause of action against the Defendants.

The court recognizes that this bankruptcy case involves millions of dollars and thousands of transactions, has a tortured history in connection with the Trustee's repeated attempts to locate and obtain the Debtor's records, is further complicated by pending criminal actions and the assertion of Fifth Amendment privileges by corporate officers and demonstrates the Trustee's best efforts to first discover potentially avoidable transfers and then timely bring such actions; nevertheless, bankruptcy law specifically recognizes that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992)

### Conclusion

The *Motion of Defendants, Samuel L. Moorman and Norma J. Moorman to Dismiss* (Doc. 67) is **GRANTED.** An order in accordance with this decision will be simultaneously entered.