

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1606-KiKuD |
| ) | |
| JUDY ANN JENSEN, ) | Bk. No.   8:09-14106-CB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TIMOTHY P. PEABODY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| JUDY ANN JENSEN; RICHARD A. ) | |
| MARSHACK, Chapter 7 Trustee, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Submitted without Oral Argument
on February 19, 2015

Filed - March 10, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:     Appellant Timothy P. Peabody pro se on brief;
                 Michael D. Franco on brief for appellee, Richard A.
                 Marshack, Chapter 7 Trustee.

Before: KIRSCHER, KURTZ and DUNN, Bankruptcy Judges.

_____

    [1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appellant Timothy P. Peabody appeals an order denying his motion for relief from judgment under Civil Rule 60(b)(1).[2] Because the bankruptcy court failed to conduct any analysis under Pioneer-Briones or to articulate any findings or conclusions in denying the motion, we VACATE and REMAND.[3]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Debtor Judy Ann Jensen filed a chapter 11 bankruptcy case on May 4, 2009. The Court converted her case to chapter 7 on December 7, 2011.

During the pendency of the Chapter 11 case, Debtor filed an adversary action pro se against her former business partner, a debtor under chapter 7. Timothy P. Peabody substituted in as counsel for Debtor in the adversary action on April 4, 2011. Debtor paid Peabody a $10,000 retainer for services to be rendered in the chapter 11 case. Peabody never filed an application for employment with the bankruptcy court or obtained an order approving his employment.

### 1. Trustee's excessive fee motion and the disgorgement order

After conversion of the case, chapter 7 trustee Richard A. Marshack filed a motion to determine whether the fees Debtor paid to Peabody exceeded a reasonable value under § 329(b) and Rule 2017 ("Excessive Fee Motion"). Trustee asserted two grounds

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] The docket reflects that one of the appellees in this case is debtor Judy A. Jensen. Debtor has not appeared in this appeal.

-2-

for why Peabody should be required to disgorge all or a substantial portion of the $10,000 retainer: (1) Peabody failed to seek employment or obtain an order approving his employment in accordance with § 327(a) and Rule 2014; and (2) in Trustee's opinion, Peabody failed to perform services worth $10,000. Peabody did nothing other than filing an amended complaint and several status reports. Peabody failed to present contemporaneous billing records to Debtor or the U.S. Trustee or to file any fee applications with the bankruptcy court. Debtor claimed in her declaration in support of the Excessive Fee Motion that Peabody never served discovery requests on her former business partner in connection with her adversary action.

Peabody failed to file a response to the Excessive Fee Motion or appear at the hearing on May 14, 2013. After hearing brief argument from Trustee, the bankruptcy court ruled that it would grant the motion and order Peabody to disgorge the entire $10,000 retainer.

The bankruptcy court entered an order granting the Excessive Fee Motion on June 24, 2013 ("Disgorgement Order") and ordered Peabody to return the $10,000 retainer to Trustee within 30 days of entry of the order. The bankruptcy court did not state at the hearing or in the Disgorgement Order the basis for granting the Excessive Fee Motion. Peabody failed to remit the funds within 30 days as ordered.

**2.  Peabody's motion to set aside the Disgorgement Order**

Peabody moved to set aside the Disgorgement Order ("Motion to Set Aside") on October 16, 2013. Although he cited § 105(a) as the basis for relief, Peabody argued that the Disgorgement Order

-3-

should be set aside due to mistake, inadvertence or excusable neglect. Peabody admitted to receiving notice of the Excessive Fee Motion and related hearing, but asserted that his staff miscalendared the hearing date, thus preventing him from filing a timely response or appearing at the hearing.

In support of his Motion to Set Aside, Peabody attached a copy of an invoice to Debtor dated June 13, 2013. The invoice, which Peabody admitted compiling after Trustee filed the Excessive Fee Motion, included Peabody's time records for Debtor's case dating from February 10, 2011 through May 19, 2012, and reflected 107.4 billable hours totaling $34,905.00. Peabody contended that Debtor, being disgruntled and unhappy with the results of his representation of her, sought to recover the $10,000 retainer and to avoid paying the remaining outstanding amounts.

Trustee opposed the Motion to Set Aside, contending Peabody failed to establish excusable neglect under Civil Rule 60(b)(1). In his attached declaration, counsel for Trustee stated that he faxed letters to Peabody on August 12, 2013, and on September 24, 2013, regarding the Disgorgement Order but received no response. Although Trustee's counsel stated he attached the letters as Exhibit A, he did not. Counsel had also attempted to call Peabody's office on August 21, 2013, to no avail. Counsel contended that only after he threatened to file a motion to show cause did Peabody respond, stating that he was filing the Motion to Set Aside.

Trustee asserted the Pioneer factors for relief under Civil Rule 60(b)(1) had not been met. First, Peabody's failure to prepare an adequate fee application, or to provide timely billing

-4-

or to file a timely response to the Excessive Fee Motion prejudiced the estate, by causing the estate to incur additional administrative expenses. Second, as for delay, Peabody never filed an application for employment or explained why he failed to file one. Only when faced with the Excessive Fee Motion did he actually compile a billing statement. Third, Peabody completely controlled the reasons for delay – his staff miscalendared the hearing date. Finally, Trustee disputed Peabody's good faith, contending that at no point had he filed an employment application or provided a fee application for review and approval by the court prior to taking funds. Even now, the new bill failed to account for the $10,000 retainer paid.

The bankruptcy court held a hearing on the Motion to Set Aside on November 19, 2013. The bankruptcy court expressed its concern with Peabody waiting until October to seek relief from the final Disgorgement Order entered in June. When asked what he did in response to Trustee's letters, Peabody stated that he informed Trustee of the calendering error and his intention to file the Motion to Set Aside. He also told Trustee that the Excessive Fee Motion was inappropriate. Peabody told the court that he signed a retainer agreement with Debtor years ago to provide work on her "civil case" as well as the bankruptcy case and that not all of the funds were for his bankruptcy work. Peabody contended that Debtor's declaration in support of the Excessive Fee Motion contained false statements.

After hearing further argument from the parties, the bankruptcy court announced it would deny the Motion to Set Aside, and that Peabody had until December 31, 2013, to return the

-5-

$10,000 to Trustee. The bankruptcy court entered an order on December 17, 2013 ("Order"), consistent with the oral announcement. The bankruptcy court did not articulate its reasons for denying the Motion to Set Aside at the hearing or in the Order.

Peabody timely filed a notice of appeal of the Order on December 23, 2013, and filed an amended notice of appeal on February 15, 2014.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion in denying the Motion to Set Aside?

## IV. STANDARD OF REVIEW

A court's denial of a motion under Civil Rule 60(b) is reviewed for an abuse of discretion. Lemoge v. United States, 587 F.3d 1188, 1191-92 (9th Cir. 2009); Alonso v. Summerville (In re Summerville), 361 B.R. 133, 139 (9th Cir. BAP 2007)(citing Hammer v. Drago (In re Hammer), 112 B.R. 341, 345 (9th Cir. BAP 1990), aff'd, 940 F.2d 524 (9th Cir. 1991)). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

Peabody contends the bankruptcy court did not apply the appropriate legal standard under § 105(a) in denying the Motion to

-6-

Set Aside. We agree the bankruptcy court applied an incorrect legal standard in denying Peabody's motion, but for different reasons.

A bankruptcy court has the discretionary power under § 105(a) to reconsider, modify or vacate its previous orders. See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 940 (9th Cir. 2007). However, such relief is sought by motion under Rule 9024, which has incorporated Civil Rule 60(b). Meyer v. Lenox (In re Lenox), 902 F.2d 737, 739-40 (9th Cir. 1990).

Although Peabody cited § 105(a) as the basis for relief from the Disgorgement Order, his motion set forth a claim for relief from a final judgment under Civil Rule 60(b)(1) based on his mistake, inadvertence and excusable neglect: his staff had miscalendared the May 14 hearing date causing him not to file a response to the Excessive Fee Motion and to miss the hearing. Because of this, and because the 14-day appeal time had expired on the Disgorgement Order when Peabody filed his Motion to Set Aside, the bankruptcy court should have construed his motion as a motion for relief from judgment under Civil Rule 60(b). Negrete v. Bleau (In re Negrete), 183 B.R. 195, 197 (9th Cir. BAP 1995). The court may have construed it as such; we cannot tell from the record. In any event, we conclude it abused its discretion by failing to apply the legal standard required under Civil Rule 60(b)(1).

**A.   The bankruptcy court failed to apply Pioneer-Briones or to make specific findings of fact and conclusions of law in denying the Motion to Set Aside.**

Under Civil Rule 60(b)(1), as incorporated by Rule 9024, a court may relieve a party from a final order upon a finding of

-7-

excusable neglect.  In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), the Supreme Court held that excusable neglect, for purposes of Rule 9006(b)(1), encompasses an attorney's negligence in complying with a filing deadline.

To determine whether a party's neglect is excusable, courts must apply a four-factor equitable test, examining:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id.

The Ninth Circuit adopted the Pioneer test for Civil Rule 60(b)(1) cases in Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).  Through subsequent decisions, including Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224-25 (9th Cir. 2000), and Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc), the Ninth Circuit has further clarified how courts should apply this test.  In Bateman, the Circuit concluded that when considering a Civil Rule 60(b) motion, a trial court abuses its discretion by failing to engage in the four-factor Pioneer-Briones equitable balancing test.  231 F.3d at 1223-24.  Bateman had moved to set aside a summary judgment which had been entered due to his counsel's failure to file a timely opposition.  Id. at 1223.  The district court, without mentioning the Pioneer-Briones test, denied the motion after considering only facts relating to the reason for Bateman's delay — the third Pioneer-Briones factor. Id. at 1224.  The Circuit concluded that the district court had failed to engage in the equitable analysis mandated by Pioneer and

-8-

Briones and, by not considering the other three Pioneer-Briones factors, had abused its discretion in denying Bateman's motion.

Courts must "explicitly use the Pioneer-Briones framework for analysis of excusable neglect under [Civil] Rule 60(b)(1)[.]" Lemoge, 587 F.3d at 1192 (district court abused its discretion for not citing to Pioneer or Briones and for considering only three factors relating to the four factors identified in Pioneer-Briones)(citing Bateman, 231 F.3d at 1224). See also Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261-62 (district court abused its discretion for failing to cite or apply the equitable test under Pioneer-Briones and basing its decision solely on whether the reason for delay – the third Pioneer-Briones factor — could establish excusable neglect). A court's mere failure to cite the Pioneer-Briones test will generally not require reversal, but the court must have actually engaged in the equitable analysis those cases mandate. Lemoge, 587 F.3d at 1193; Bateman, 231 F.3d at 1224.

Here, the bankruptcy court did not cite to either Pioneer or Briones or expressly enumerate any of the Pioneer-Briones factors. Although one could argue that it considered Peabody's delay in filing his Motion to Set Aside, considering only one Pioneer-Briones factor is clearly insufficient. The extent of the court's oral ruling was "I'm going to deny the motion to set aside and vacate the order." Hr'g Tr. 7:5-6, November 19, 2013. The Order simply stated "IT IS ORDERED THAT the Motion is DENIED." The above authority required the bankruptcy court to specifically address the Pioneer-Briones factors in the course of making its decision; it did not do so. Accordingly, it abused its discretion

by applying an incorrect legal standard.

We acknowledge that Peabody did not specifically refer to Pioneer or to Briones in his moving papers and did not mention the cases during the hearing on the Motion to Set Aside. He failed even to cite the correct rule for relief. Trustee, however, did articulate the Pioneer-Briones factors and provided reasons for why he believed Peabody had failed to establish them. Nevertheless, Peabody's failure to cite the correct rule or relevant authorities did not relieve the bankruptcy court of its duty to apply the correct legal standard. See Bateman, 231 F.3d at 1224 (party's failure to cite Pioneer or Briones or discuss any of the factors under the equitable test did not relieve district court of its duty to apply the correct legal standard).

Our decision to vacate is further supported by the fact the bankruptcy court failed to articulate **any** findings of fact or conclusions of law. A motion for relief from judgment under Rule 9024 is a contested matter under Rule 9014, subject to Civil Rule 52(a) by incorporation under Rule 7052, which requires the bankruptcy court to find the facts specifically and state its conclusions of law separately. In the absence of complete findings, we may vacate a judgment and remand the case to the bankruptcy court to make the required findings or develop further evidence. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 871 (9th Cir. BAP 2012) (citing United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir. 2005)).

## VI. CONCLUSION

Because the bankruptcy court failed to engage in the Pioneer-

*Briones* analysis required for evaluating Civil Rule 60(b)(1) excusable neglect cases or to make any findings and conclusions sufficient for review, we VACATE the Order and REMAND to the bankruptcy court for findings and conclusions consistent with this decision.